Evans, J.
delivered the opinion of the Court.
This Court is of opinion that there is nothing in the four first grounds in the suggestion, which if true, would hinder *365 the discharge of the defendant. These grounds allege merely that the defendant practised a fraud in obtaining the goods ( for the payment of which he had been arrested. The question to be tried was not whether the defendant had practised a fraud in obtaining the goods, but whether his schedule contained all his property. The case of Gray v. Schroder is no authority for what is contended for in this case. There the jury found that the defendant Schroder had purchased the goods with the design of assigning them to his brother, to defraud the plaintiff, and had effectuated that design by an actual assignment. In that case, there was not merely a fraudulent intent in the purchase of the goods, but the defendant had “ fraudulently sold, conveyed, and assigned his estate to defraud his creditors.” His case was in the very words of the Act of 1788. The fourth ground in the appeal is that his Honor the Recorder refused on the motion of the plaintiff to allow the defendant to be examined on oath, or to allow evidence to be given of the declarations of the defendant when under oath on his first application before the Court for his discharge. By the Act, 1836, it is enacted, “that the creditor of any person applying for the prison bounds Act, insolvent debtor’s Act, or any Act now of force or hereafter to be passed for the relief of insolvent debtors, or imprisoned debtors, may, either in person or by attorney, examine and cross examine such applicant on oath in the presence of the Judge, or Commissioner of special bail, touching the truth of his schedule, and touching the nature and extent of his property, rights and credits, liable to be assigned for the benefit of his creditors.” And, “ the refusal of any such applicant to answer all proper questions put to him in the course of his examination, shall prevent his discharge until he shall have fully answered the same.” On the construction of this Act it has been decided that the creditor has a right to examine the applicant on oath before the Judge without filing any suggestion; Rosser v. Moye. The object seems to have been to enable the creditor to ascertain whether there is any ground to disbelieve the truth of the schedule, and thereby to satisfy himself whether there is any reasonable ground on which to predicate such suggestion of fraud or undue preference, as will prevent the prisoner’s discharge. If upon such examination the creditor is satisfied, as is very often the case, he waives all objection and the prisoner is discharged. But if the examination is not satisfactory, then he proceeds to file his objections by way of suggestion, and the issues are tried by a jury. The right to examine the prisoner before the Judge, was not disputed in this case. It was allowed, I suppose, in the utmost latitude that the creditor desired; but he contends he is entitled to re-examine him on the trial of the issue before the jury — and that is the question we are to de- *366 tide. The Act does not in words give a right oí examination except before the Judge, but we must construe it so as ’ to advance the remedy which the Act was intended to provide. It is understood that in England under the bankrupt and insolvent laws this right of examination is exercised in the most extensive way, and I presume the object of our Act was to enable the creditor to do the same in this State, by purging his debtor’s conscience in all matters relating to his schedule. This would be of but little value if the facts acknowledged by the debtor were to be excluded from the jury, who alone are to decide on the truth of the facts alledged against his discharge. If, as was the case in Rosser v. Moye, the debtor acknowledged some fact which would exclude him from the benefit of the Act, how can the creditor have the benefit of it unless he can in som'e way get it before the jury? for it would seem from that case, that although the Judge was satisfied the prisoner ought not to be discharged, yet he could not withhold from him the benefit of the Act without a trial by jury. It seems to me, therefore, we should defeat the great purpose of the Act to exclude from the jury the examination of the prisoner. He must be either re-examined in the presence of the jury, or what he had said may be given in evidence as declarations or admissions in some other way. That the creditor has a right to get before the jury, in some way, the facts which he has drawn out in the examination before the Judge, none of us doubt. The question is how shall this be done ? The great purpose of the Act will be best answered by the examination of the prisoner. The Act gives the plaintiff a right to purge his conscience, to draw out from him by examination or cross examination every thing that relates to the truth of his schedule. The examination of the prisoner is the surest way of obtaining this result. It is liable to the least objection. No one may have been present who recollects what was said. The Judge’s notes, if admissible at all, may be, as is often the case, imperfect. In general they contain little more than the substance of what was said. They are frequently but imperfect memoranda, made to aid his memory. Months may intervene between the examination and the final trial,, and what was said by the prisoner may fade from the memory. It is due to the prisoner himself, that what he said should not be subject to the impressions abiding in the slippery memory of others. It is within the spirit of the Act, and not inconsistent with its letter. I am therefore of opinion the plaintiff was entitled to examine the prisoner before the jury, and as this was denied him, there must be a new trial, — the motion is granted.
2 Strob. —
6 Stat. 556.
1 Rich. 62.
*366 The whole Court concurred.

Motion granted.